UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JONATHAN S. SEILER,          :
    Plaintiff,               :
                             :         PRISONER
v.                           :    Case No. 3:17cv182(AWT)
                             :
SCOTT SEMPLE, ET AL.,        :
    Defendants.              :

**RULING AND ORDER**

The plaintiff, Jonathan S. Seiler, is currently incarcerated at Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. He commenced this action on February 8, 2017, when he was incarcerated at Cheshire Correctional Institution ("Cheshire"), by filing a civil rights complaint and an application to proceed in forma pauperis.

On February 21, 2017, the court issued a notice of insufficiency advising the plaintiff that he must submit a ledger sheet showing at least the past six months of transactions in his inmate account on or before March 14, 2017, or the case would be dismissed. On March 1, 2017, the plaintiff filed a motion seeking an extension of time of 30 business days from February 24, 2017, or until April 7, 2017, to submit the necessary paperwork in response to the notice of insufficiency. The motion for an extension of time until April 7, 2017 is granted nunc pro tunc.

On March 22, 2017, the plaintiff filed a motion claiming that staff members at Cheshire had obstructed his access to necessary information to be submitted in connection with his application to proceed in forma pauperis and had also denied him access to copies and the library. The plaintiff does not explain how his alleged lack of access to copies and the law library by unidentified Cheshire staff members interfered with his compliance with the court's notice of insufficiency. Furthermore, any request for injunctive relief regarding copies of documents or access to the law library at Cheshire is moot because the plaintiff is currently incarcerated at Corrigan-Radgowski. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir.1976) (inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir.1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

With regard to the plaintiff's attempt to secure the inmate account ledger sheet, he offers no details about who he

contacted at Cheshire, when he contacted the official or whether he contacted the official's supervisor if he was unable to obtain the information he needed from the official. Also, the court notes that while the plaintiff was still incarcerated at Cheshire during the month of May 2017, he was able to submit ledger sheets showing his inmate account activity in support of applications to proceed in forma pauperis in two other cases he filed with this court. See Seiler v. Semple, Case No. 17cv470(AWT); and Seiler v. Semple, Case No. 17cv711(AWT). In addition, after his transfer to Corrigan-Radgowski in June 2017, he submitted ledger sheets that had been issued to him while he was confined at Cheshire in support of applications to proceed in forma pauperis in five cases filed with this court. See Seiler v. Semple, Case No. 17cv1002(AWT); Seiler v. Semple, Case No. 17cv1003(AWT); Seiler v. Semple, Case No. 17cv1005(AWT); Seiler v. Semple, Case No. 17cv1006(AWT); and Seiler v. Semple, Case No. 17cv1017(AWT). Accordingly, the motion for compliance is denied for lack of good cause shown to the extent that it seeks a court order regarding a ledger sheet and is denied as moot to the extent that it seeks a court order regarding the provision of copies by correctional staff at Cheshire and access to the library at Cheshire.

The plaintiff has not submitted a ledger sheet showing the activity in his inmate account for the six months just prior to the filing of this action. Thus, he has not complied with the court's notice of insufficiency. Therefore, the applications to proceed in forma pauperis are being denied and the case is being dismissed without prejudice.

## Conclusion

The Motion for Extension of Time [**ECF No. 10**] to comply with the notice of insufficiency is **GRANTED** nunc pro tunc. The Motion for Compliance [**ECF No. 11**] seeking court orders is **DENIED** in all respects. The Applications to Proceed In Forma Pauperis [**ECF Nos. 2, 8**] are **DENIED,** the Motions to Assign Subject Matter to Complaint, for Summary Judgment and for Initial Review Order [**ECF Nos. 7, 12, 15**] are **DENIED** as moot and the case is **DISMISSED** without prejudice.

If plaintiff seeks to reopen the case, he must file a motion to reopen, a completed application to proceed in forma pauperis and six-month ledger sheet showing his prisoner account transactions and balances since August 8, 2016 and must also show cause why he failed to comply with the court's prior order.

The Clerk is directed to close this case.

It is so ordered.

Dated this 25th day of August, 2017, at Hartford, Connecticut.

<pre>
                          /s/AWT
                      ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                      Alvin W. Thompson
                      United States District Judge
</pre>